IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRACE LAWRENCE,<br>    Plaintiff<br><br>    v.<br>TRANS UNION, LLC,<br>    and<br>CITY OF PHILADELPHIA,<br>    Defendants | :<br>:<br>:    CIVIL ACTION NO. 02-CV-4440<br>:<br>:<br>:<br>:<br>:<br>: |

### ANSWER AND AFFIRMATIVE DEFENSES OF
### DEFENDANT CITY OF PHILADELPHIA

Defendant City of Philadelphia, by and through its attorney, Chief Deputy City Solicitor Michael F. Eichert, hereby answer plaintiffs' complaint as follows:

1. Admitted, but denied that there is any liability on the part of Defendant City of Philadelphia.

2.- 3. Admitted.

4.- 5. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief in the truth of the averments herein, and said averments are therefore denied and strict proof thereof is demanded at time of trial.

6. Admitted.

7. Denied as to Defendant City of Philadelphia.

8. Denied that the City of Philadelphia has reported any inaccurate information related to Plaintiff, or Plaintiff's credit history. By way of further answer, it is alleged that the City of Philadelphia does not have possession, custody or control over any Philadelphia civil judgment or personal identifying information relating to Plaintiff. The First Judicial District of Pennsylvania, which is a part of government of the Commonwealth of Pennsylvania, has exclusive possession, custody or control over civil judgments entered by any court located within the City of Philadelphia, except for courts of the United States.

9. Denied that the City of Philadelphia ever reported any inaccurate or derogatory information concerning Plaintiff. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief in the truth of the remaining averments herein, and said averments are therefore denied and strict proof thereof is demanded at time of trial.

10.- 15. The allegations contained in these paragraphs pertain exclusively to parties other that the Defendant City of Philadelphia. Therefore, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief in the truth of the averments herein, and said averments are therefore denied and strict proof thereof is demanded at time of trial.

16. Denied that Plaintiff has disputed any inaccurate information with the City of Philadelphia. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief in the truth of the remaining averments herein, and said averments are therefore denied and strict proof thereof is demanded at time of trial.

17. Denied that Plaintiff has disputed any inaccurate information with the City of Philadelphia. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief in the truth of the remaining averments herein, and said averments are therefore denied and strict proof thereof is demanded at time of trial.

18.- 19. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief in the truth of the remaining averments herein, and said averments are therefore denied and strict proof thereof is demanded at time of trial.

20. – 23. Denied that any conduct by Defendant City of Philadelphia has caused any harm to Plaintiff. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief in the truth of the remaining averments herein, and said averments are therefore denied and strict proof thereof is demanded at time of trial.

24. Denied that the City of Philadelphia, or any of its agents, servants or employees acting within the course and scope of their agency or employment, or under the City's supervision or control, has taken any action with respect to the Plaintiff.

25. Denied.

26. Defendant City of Philadelphia incorporates by reference its answers to paragraphs 1 through 25 above.

27. – 31. The allegations contained in these paragraphs pertain exclusively to parties other that the Defendant City of Philadelphia. Therefore, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief in the truth of the averments herein, and said averments are therefore denied and strict proof thereof is demanded at time of trial.

32. Defendant City of Philadelphia incorporates by reference its answers to paragraphs 1 through 31 above.

33. Denied.

34. Denied.

35. Denied that the City of Philadelphia in any way caused any harm or damages to the Plaintiff. Denied that the City is liable to Plaintiff in any way.

36. Defendant City of Philadelphia incorporates by reference its answers to paragraphs 1 through 35 above.

37.- 46. The allegations contained in these paragraphs pertain exclusively to parties other that the Defendant City of Philadelphia. Therefore, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief in the truth of the averments herein, and said averments are therefore denied and strict proof thereof is demanded at time of trial.

47. Defendant City of Philadelphia incorporates by reference its answers to paragraphs 1 through 46 above.

48. Denied.

49. Denied.

50. Denied that the City of Philadelphia ever made any false statements that in any way relate to Plaintiff.

51. Denied.

52. Denied that the City of Philadelphia ever made or published to anyone any false statements that in any way relate to Plaintiff.

53. Denied.

54. Denied.

55. Denied.

56. Denied that the City of Philadelphia in any way caused any harm or damages to the Plaintiff. Denied that the City is liable to Plaintiff in any way.

57. Defendant City of Philadelphia incorporates by reference its answers to paragraphs 1 through 56 above.

58.- 61. The allegations contained in these paragraphs pertain exclusively to parties other that the Defendant City of Philadelphia. Therefore, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief in the truth of the averments herein, and said averments are therefore denied and strict proof thereof is demanded at time of trial.

62. Defendant City of Philadelphia incorporates by reference its answers to paragraphs 1 through 61 above.

63.- 65. The allegations contained in these paragraphs pertain exclusively to parties other that the Defendant City of Philadelphia. Therefore, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief in the truth of the averments herein, and said averments are therefore denied and strict proof thereof is demanded at time of trial.

66. Defendant City of Philadelphia incorporates by reference its answers to paragraphs 1 through 65 above.

67. Denied that the City of Philadelphia has been negligent in any way with respect to the matters alleged in the complaint.

68. Denied that the City of Philadelphia in any way caused any harm or damages to the Plaintiff. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief in the truth of the averments herein, and said averments are therefore denied and strict proof thereof is demanded at time of trial.

69. Denied that the City of Philadelphia in any way caused any harm or damages to the Plaintiff. Denied that the City is liable to Plaintiff in any way.

70. Defendant City of Philadelphia incorporates by reference its answers to paragraphs 1 through 69 above.

71.- 73. Denied that the City of Philadelphia in any way caused any harm or damages to the Plaintiff. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief in the truth of the averments herein, and said averments are therefore denied and strict proof thereof is demanded at time of trial.

74. Defendant City of Philadelphia incorporates by reference its answers to paragraphs 1 through 73 above.

75. Denied.

76. Denied.

77. Denied that the City of Philadelphia in any way caused any harm or damages to the Plaintiff. Denied that the City is liable to Plaintiff in any way.

78. This paragraph contains no averment that conforms to the requirements of the Rules of Civil Procedure, and therefore no response is required.

WHEREFORE, Defendant City of Philadelphia respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff.

## AFFIRMATIVE DEFENSES

1. At no time herein relevant did Defendant City of Philadelphia have possession, custody or control of any information related to Plaintiff, including any civil judgment.

2. Exclusive possession, custody and control of civil judgments entered by Philadelphia Municipal Court is retained at all times by the First Judicial District of the Commonwealth of Pennsylvania, which is not a department or agency of Defendant City of Philadelphia.

3. Defendant City of Philadelphia is not a furnisher of information within the meaning of the Fair Credit Reporting Act, or otherwise subject to the Act under the facts alleged, and therefore is not subject to 15 U. S. C. § 1651s-2(b).

4. The complaint fails to state a claim upon which relief can be granted.

5. Some or all of Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

6. This Honorable Court lacks subject matter jurisdiction over the state law claims alleged in the Complaint.

7. Plaintiffs' Complaint fails to state any cause of action upon which relief can be granted.

8. Some or all of Plaintiff's claims are barred, in whole or in part, by the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541, et seq.

9. Neither 15 U. S. C. § 1651s-2(b), nor any other section of the Fair Credit Reporting Act, confers a private right of action on the Plaintiff against a furnisher of information under the circumstances of this case.

10. If plaintiff suffered the damages alleged in the complaint, such damages were not caused nor proximately caused by any act, omission, custom or policy of defendants.

11. If plaintiff suffered the damages alleged in the complaint, such damages were caused and/or proximately caused by the acts and/or omissions of Plaintiff or Defendant Trans Union.

12. Defendant's actions alleged in the complaint, if in fact they occurred, were privileged, justified, and/or unintentional.

13. Defendants actions were done in good faith.

14. If plaintiff was damaged the actions or omissions of defendants as alleged in the complaint, which is denied, then, upon information and belief, plaintiff failed to exercise reasonable care and diligence to avoid or lessen the consequence.

15. Plaintiff's failure to mitigate damages bar in whole or in part plaintiff's claims for damages.

16. If Defendant City of Philadelphia possessed or controlled any information concerning Plaintiff, such information was, at all relevant times, true and correct.

WHEREFORE, Defendant City of Philadelphia respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff.

Respectfully submitted,

BY: _____
Michael F. Eichert, Chief Deputy City Solicitor
James P. Cousounis, Deputy City Solicitor
17th Floor, One Parkway Building, 1515 Arch Street
Philadelphia, PA 19102-1595
Phone (215)-683-5023/Fax: 215-683-5071

DATE: September 4, 2002

**CERTIFICATE OF SERVICE**

    I hereby certify that, on September 4, 2002, I served a true and correct copy of the Answer and Affirmative Defenses of Defendant City of Philadelphia upon counsel of record, via first class mail, postage prepaid, addressed as follows:

>James A. Francis, Esquire
>Mark D. Mailman, Esquire
>Land Title Building, 19th Floor
>Philadelphia, PA  19110
>(215) 735-8600
>Attorneys for Plaintiff

_____
Michael F. Eichert