UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRACE LAWRENCE )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>TRANS UNION, LLC )<br>)<br>and )<br>CITY OF PHILADELPHIA )<br>)<br>Defendants. )<br>) | Civil Action No. 02-CV-4440 |

**PRE-TRIAL MEMORANDUM OF PLAINTIFF GRACE LAWRENCE**

Plaintiff Grace Lawrence, by and through her undersigned counsel, submits this Pre-Trial Memorandum in accordance with the Court's March 21, 2003 Scheduling Order and Local Rule 16.1(c).

**I.    NATURE OF THE ACTION AND JURISDICTION**

This is an action for actual, statutory and punitive damages[1] brought by an individual consumer, Plaintiff Grace Lawrence, against the Defendants Trans Union, LLC ("Trans Union") for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended,* and various other state laws.[2]

Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

---

[1]    Plaintiff also seeks recovery of attorneys' fees and expenses pursuant to the FCRA's fee shifting provision, 15 U.S.C. §§ 1681n, o.

[2]    Defendant City of Philadelphia was previously dismissed from this matter.

## II.  STATEMENT OF FACTS

In 1996, Ms. Lawrence won a small claims lawsuit in the Municipal Court of Philadelphia and had a judgment entered in her favor in the amount of $2,951.[3] Despite prevailing in that action, at some point thereafter Defendant Trans Union, one of the national credit reporting agencies, began reporting this court record as a judgment <u>against</u> Ms. Lawrence. Ms. Lawrence had an otherwise excellent credit history; and this $2,951 judgment was the only derogatory account or information on her credit report.

Ms. Lawrence first learned about this derogatory judgment being reported against her when Sallie Mae and Key Bank denied her application for college loans for her daughter's education in 1997. Since that time, Ms. Lawrence has repeatedly disputed the inaccurate information with Defendant on multiple occasions including but not limited to: August of 1997, November 1997, December 1997 and February 2001. Further, Ms. Lawrence provided documentation to Trans Union, including the actual court docket that she obtained from the Philadelphia Municipal Court, demonstrating the gross error. Notwithstanding this, Trans Union continued to report the judgment on Ms. Lawrence's credit report.

Several times since 1997, Trans Union deleted the $2,951 judgment from Ms. Lawrence's credit report, only to re-insert the same judgment a short time later. Indeed, Trans Union failed to remove this false judgment from Ms. Lawrence's credit report until after she initiated this action in July 2002 at the advice of counsel. In all, the $2,951 judgment was reported against Ms. Lawrence for approximately six years. To make a bad matter worse, Trans Union falsely continued to inform Ms. Lawrence that it had contacted the Philadelphia Municipal

---

[3] An individual named Thomas Frommer with whom Ms. Lawrence shared a car initiated the 1996 lawsuit in the Municipal Court of Philadelphia, docket number 11080, against Ms. Lawrence. Ms. Lawrence counterclaimed. Ms. Lawrence prevailed in the action against Mr. Frommer and won a $2,951 judgment on her counterclaim.

Court Records Department and that it had verified the judgments was entered against Ms. Lawrence.  In fact, deposition testimony revealed that Trans Union <u>never</u> contacted the Municipal Court and that it was not aware as of just a few weeks ago whether <u>anyone</u> contacted the Municipal Court.  Certified court records obtained during discovery in this matter leave no doubt that the Municipal Court had accurately entered the judgment in favor of Ms. Lawrence, and not against her.

### III.    DAMAGES

#### A.    Financial Losses/Harm To Credit

As a result of the damaging and derogatory open judgment that Trans Union reported about her, and her consequently blighted credit reputation, Ms. Lawrence has been damaged in multiple ways. First, but not foremost, Ms. Lawrence has been outright denied various credit since 1997.  Ms. Lawrence has been burdened with higher interest rates on her mortgage, car loan and credit cards than she should have had as a consumer with an excellent credit history. She has lost the opportunity to use funds, such as student loans and other credit, for herself and her family as well as to refinance and/or consolidate loans at lower interest rates.

#### B.    Dignitary Harm and Emotional Distress

Additionally, Ms. Lawrence has been defamed by the publication and dissemination of this false, derogatory information to other persons and entities, including virtually every credit grantor who has considered providing credit to her.  Ms. Lawrence has also suffered great emotional distress, frustration, anxiety, and related symptoms, as well as great humiliation and embarrassment from falsely being identified for a period of approximately six years as an individual with an unpaid judgment on her record.  Indeed, Ms. Lawrence has an excellent credit history but for this single, false, and  derogatory entry in her Trans Union credit report.  Finally,

Ms. Lawrence has incurred out-of-pocket expenses including, but not limited to, time lost from work, local or long distance telephone calls, parking, postage, faxing and other related costs.

These damages suffered by Ms. Lawrence are well recognized as cognizable under the FCRA. The range of awards for such cases are as follows: See Boris v. Choicepoint Servs., Inc.,WL 1255891 (W.D. Ky. March 14, 2003) ($100,000 in emotional distress damages verdict upheld as appropriate under FCRA upon defendant credit reporting agency's post-trial motion); Thomas v. Trans Union, (D. Or. 2002) ($300,000 in compensatory damages for emotional distress and $5 million for punitive damages, remitted to $1 million); Johnson v. MBNA (D. Virginia 2002) (jury award of $90,300 for emotional distress and damage to reputation sustained against credit furnisher MBNA for negligent investigation of consumer's dispute in violation of FCRA section 1681s02(b); Jorgenson v. TRW, Inc., C.A. No. 96-286 (D. Or. 1998) (jury awarding plaintiff $600,000 for compensatory damages for credit rating damage and emotional distress); Anderson v. Conwood Co., 34 F. Supp. 2d 650 (W.D. Tenn. 1999) ($50,000 in actual damages awarded in absence of testimony other than worry, stress and anxiety); Milgram v. Advanced Cellular Systems, Inc., 1990 WL 116322 (E.D. Pa. 1990) (jury award of $20,000 for credit damage, $20,224 in attorney's fees); Stevenson v. TRW, 987 F.2d 288 (5th Cir. 1993) ($30,000 in mental anguish and embarrassment damages, plus $20,700 in attorney's fees); Collins v. Retail Credit Co., 410 F. Supp. 924 (E.D. Mich. 1976) ($21,750 for loss of reputation, embarrassment, in recognition of the "many subtle and indirect adverse effects upon a personal, social and economic life", ($50,000 in punitive damages and $21,000 in attorney's fees); Bryant v. TRW Inc., 689 F.2d 72 (6th Cir. 1982) ($8,000 for embarrassment and humiliation, attorney's fees $13,705); Jones v. Credit Bureau of Huntington, Inc., 399 S.E.2d 694 (W. Va. 1990) (jury award of $4,000 compensatory, $42,500 punitive upheld); Thompson v. San Antonio Retail

Merchants Ass'n, 682 F.2d 509 (5th Cir. 1982) ($10,000 actual damages for humiliation and mental distress even when no out-of-pocket expenses); Pinner v. Schmidt, 617 F. Supp. 342 (E.D. La. 1985) ($25,000 in actual damages for negligent credit violations); Trans Union Corp. v. Crisp, 896 S.W.2d 446 (Ark. App. 1995) ($15,000 in actual damages, $25,000 in punitive damages in a case involving reports which did not show that debts had been satisfied); Thompson ($10,000 for three credit denials); Thorton v. Equifax Inc., 467 F. Supp. 1008 (E.D. Ark. 1979) ($5,000 compensatory and $250,000 in punitive damages); Phillips v. David McDermott Chevrolet, Inc., 1992 WL 67374 (Conn. Super. 1992) ($5,000 for credit rating damage); see also Dalton v. Capital Assoc. Indus., 257 F.3d 409 (4th Cir. 2001) (damages for loss of reputation are available under FCRA); Guimond v. Trans Union, 45 F.3d 1329 (9th Cir. 1995) (humiliation and mental distress damages available under FCRA); Morris v. Credit Bureau of Cincinnati, 563 F. Supp. 962 (S.D. Ohio 1983) (nervousness, irritation and loss of sleep compensable under FCRA.). In FCRA cases, such damages do not require expert medical testimony. See Boris, 2003 WL 1255891 *5-7; see also Guimond, 45 F.3d at 1333.

**IV.  WITNESSES**

| | |
|---|---|
| Grace Lawrence<br>484 Redbud Ct.<br>Warrington, PA 18976 | Liability and Damages |
| Anna Lawrence<br>484 Redbud Ct.<br>Warrington, PA 18976 | Liability and Damages |
| Donna Stout<br>Chase Manhattan<br>Delaware or New York | Liability and Damages |
| Eileen Little<br>Trans Union, LLC<br>1510 Chester Pike<br>Crum Lynne, PA 19022 | Liability and Damages |

| | |
|---|---|
| William Stockdale<br>Trans Union, LLC<br>555 West Adams<br>Chicago, IL 60661 | Liability and Damages |
| Former Trans Union Operator C5186<br>Trans Union, LLC<br>1510 Chester Pike<br>Crum Lynne, PA 19022 | Liability |
| Lorraine M. Ruiz<br>City of Philadelphia<br>34 S. 11th Street, Room 580<br>Philadelphia, PA 19107 | Liability |
| Corporate Representatives of: | Liability and Damages |
| Superior Information Systems<br>P.O. Box 8787<br>Trenton, NJ 08650-0787 | Liability and Damages |
| First Union National Bank<br>P.O. Box 13327<br>Roanoke, VA 24040-0001 | Damages |
| City of Philadelphia<br>1515 Arch Street<br>14th Floor<br>Philadelphia, PA 19102 | Liability and Damages |

**V.    EXHIBITS**

P1   Ms. Lawrence's  Trans Union Consumer Disclosure dated 7/29/97
P2   Ms. Lawrence's Trans Union Consumer Disclosure dated 1/25/01
P3   Ms. Lawrence's Trans Union Consumer Disclosure dated 6/24/02
P4   Ms. Lawrence's Trans Union Consumer Disclosure dated 1/9/03
P5   Correspondence from Trans Union to Ms. Lawrence dated 8/18/97
P6   Correspondence from Trans Union to Ms. Lawrence dated 12/19/97
P7   Ms. Lawrence's Trans Union Reinvestigation Report dated 9/16/97
P8   Ms. Lawrence's Trans Union Reinvestigation Report dated 11/12/97
P9   Ms. Lawrence's Trans Union Reinvestigation Report dated 1/20/98
P10  Ms. Lawrence's Trans Union Reinvestigation Report dated 1/23/98
P11  Ms. Lawrence's Trans Union Reinvestigation Report dated 3/26/01
P12  Ms. Lawrence's Written Dispute to Trans Union dated 12/15/97

| | |
|---|---|
| P13 | Ms. Lawrence's Written Dispute to Trans Union dated 2/18/01 |
| P14 | Credit Card Denial Letter to Ms. Lawrence from Chase Manhattan dated 8/2/01 |
| P15 | Loan Denial Letter to Ms. Lawrence from Sallie Mae dated 8/19/97 |
| P16 | Loan Denial Letter to Ms. Lawrence from Key Bank dated 7/16/97 |
| P17 | Loan Denial Letter to Anna Lawrence from Key Bank dated 7/16/97 |
| P18 | Thompson Toyota/Beneficial Savings Bank Automobile Retail Installment Contract dated 7/17/99 |
| P19 | Page seven of First American Credco Tri-Merge Report |
| P20 | American drew/Wells Fargo Finance Statement bearing 2/10/02 billing date |
| P21 | Trans Union Customer Relations System Documents produced by Defendant |
| P22 | Subpoenaed Documents received from Chase Manhattan |
| P23 | Certified Records from Philadelphia Municipal Court in Frommer v. Lawrence, Claim No. sc 96-06-11-1080 |
| P24 | Disposition of Case in Frommer v. Lawrence, Claim No. sc 96-06-11-1080 Obtained by Ms. Lawrence from Philadelphia Municipal Court |
| P25 | Service Contract Between Trans Union and Superior Information Services dated 8/11/99 |
| P26 | Deposition Transcript of Grace Lawrence |
| P27 | Deposition Transcript of Donna Stout |
| P28 | Deposition Transcript of William Stockdale |
| P29 | Deposition Transcript of Eileen Little |
| P30 | Deposition Transcript of Superior Information Services Corporate Representative |
| P31 | Deposition Transcript of Former Trans Union Operator C5186 |
| P32 | Deposition Transcript of William Stockdale in Evantash v. Trans Union, Civ. No. 02-1188 (E.D. Pa.) |
| P33 | Deposition Transcript of Eileen Little in Evantash v. Trans Union, Civ. No. 02-1188 (E.D. Pa.) |
| P34 | Deposition Transcript of Eileen Little in Williams v. Trans Union, Civ. No. 02-2754 (E.D. Pa.) |

Additionally, Plaintiff reserves the right to also rely upon and enter into evidence any exhibits identified by Defendant.

## VI.   TRIAL TIME

Plaintiff estimates that the entire trial should last no longer than three (3) days.

## VII.   SPECIAL ISSUES

Plaintiff intends to present certain demonstrative evidence at trial using software such as PowerPoint with a projector and/or overhead screen. Plaintiff would desire to coordinate such presentation with court staff and/or to use court equipment, and respectfully request direction from the Court as to how to set up such projector and/or overhead screen presentation. Plaintiff

7

would agree to stipulate as to the authenticity and admissibility the certified court records obtain from the City of Philadelphia during discovery, the court docket disposition in Frommer v. Lawrence obtained by Plaintiff from the Philadelphia Municipal Court, the consumer reports and reinvestigation reports from Trans Union and correspondence sent to Plaintiff from Trans Union, as well as the ECOA denial letter from Chase Manhattan dated August 2, 2001.

        Respectfully submitted,

        **FRANCIS & MAILMAN, P.C.**

BY: _____
        JAMES A. FRANCIS, ESQUIRE
        MARK D. MAILMAN, ESQUIRE
        JOHN SOUMILAS, ESQUIRE
        Land Title Building, 19th Floor
        100 South Broad Street
        Philadelphia, PA 19110
        (215) 735-8600

Dated: June 11, 2003