**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GRACE LAWRENCE** | |
| **Plaintiff,** | **C.A. NO: 02-CV-4440** |
| **v.** | |
| **TRANS UNION LLC** | |
| **CITY OF PHILADELPHIA** | |
| **Defendant.** | |

**TRANS UNION'S RULE 16.1(c) PRETRIAL MEMORANDUM**

Trans Union LLC ("Trans Union") Defendant Trans Union LLC, submits the following Pretrial Memorandum pursuant to the Local and Federal Rules of Civil Procedure:

**(1) Nature of the Case and Jurisdiction**

This Court has original federal question jurisdiction under the provisions of Title 28, U.S.C. §1331, in that the action alleges a violation of the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq. ("FCRA") and under whose provisions this Court has original jurisdiction without regard to the amount in controversy.

**(2)    Trans Union's Statement of the Facts and Trial Memorandum**

Trans Union respectfully adopts and incorporates its Memorandum of Law in Support of Summary Judgment as its Trial Memorandum. The following brief recitation responds to plaintiff's anticipated Pre-Trial assertions.

Plaintiff claims that Trans Union inaccurately reported and failed to properly reinvestigate a judgment which was reported in her file. Plaintiff's claims arising from events which allegedly occurred in 1996 and 1997 are entirely irrelevant and time barred under the FCRA's two year limitations of actions provision. FCRA §1681p.

Trans Union maintains reasonable procedures to maintain the accuracy of information reported about consumers, including plaintiff.  Since before 1994, Trans Union has used Superior Information Services, a reputable and reliable public record vendor in New Jersey, to compile and furnish judgments and liens.  Trans Union audits Superior and conducts weekly tests of the information Superior furnishes to confirm its accuracy.  Superior has been a reliable source of accurate public record information.  Under the contract between Superior and Trans Union, Trans Union requires Superior to meet certain processing requirements when furnishing and reinvestigating public record information.  In fact, Superior is required to physically go to the relevant courthouse to verify disputed information.

Instantly, any harm suffered by plaintiff occurred in 1997 or shortly thereafter and is time-barred.  Her single 2001 contact with Trans Union four years later, and the alleged denial of a credit card (an attempt to get a **second** Chase card) do not constitute cognizable harm under the FCRA.

Plaintiff is not entitled to punitive damages because Trans Union did not knowingly or intentionally committed an act in conscious disregard of her FCRA rights.  Cushman v. Trans Union Corp., 115 F.3d 220, 226 (3rd Cir. 1997) and Philbin v. Trans Union Corp., 101 F.3d 957, 970 (3rd Cir. 1996.)  Trans Union responded to her dispute and informed her of the current content of her file upon request and upon completion of the reinvestigation; nothing was ever concealed or misrepresented.

**(3) Damages:**

For the reasons explained above and in Trans Union's Memorandum in Support of Summary Judgment, plaintiff's alleged harm is time barred or is not cognizable under the FCRA.

**(4) List of Trans Union Liability Witnesses:**

(1)     Eileen Little, Trans Union, Consumer Relations Group Manager;

(2)     William Stockdale, Trans Union, Sr. Director, Customer Information Services;

(3)     Nancy Cerbus, Superior Information Services;

(4)     *Damages*: Corporate Representative, Chase Manhattan Bank.

**(5) Schedule of Trans Union Exhibits:**

TU-1 Trans Union Consumer Relations System History Search Summary computer screen print;

TU-2 January 25, 2001 Trans Union consumer file disclosure sent to Plaintiff;

TU-3 Letter from Grace M. Lawrence to Trans Union dated February 18, 2001 to Trans Union received February 21, 2001;

TU-4 Trans Union consumer relations system comment display and entry computer screen print;

TU-5 Trans Union consumer relations system consumer personal information computer screen print;

TU-6 Trans Union consumer relations system consumer employment information computer screen print;

TU-7 Trans Union consumer relations system public record set detail and public record claim computer screen prints;

TU-8 March 26, 2001 Trans Union consumer file disclosure sent to Plaintiff; and

TU-9 August 1999 Contract between Trans Union and Superior Information Services, Inc.

**(6) Estimated Number of Trial Days:**

Trans Union estimates the trial will require 2.5 days.

3

**(7) Special Comments:**

Trans Union is filing a motion for summary judgment on Monday, June 16, 2003 on statute of limitations and other grounds.  Trans Union anticipates that the disposition of that motion will limit the claims, exhibits and witnesses which are relevant to plaintiff's claims.


Respectfully Submitted this  11th  Day of June, 2003.




_____
MARK E. KOGAN
BRUCE S. LUCKMAN
TIMOTHY P. CREECH
SATZBERG, TRICHON,
 KOGAN & WERTHEIMER, P.C.
1818 Market St., 30th Floor
Philadelphia, PA 19103
(215) 575-7600; Fax: (215) 575-7688
*Counsel for Defendant,*
*Trans Union LLC*

4