**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GRACE LAWRENCE<br><br>                           Plaintiff,<br>   v.<br><br>TRANS UNION LLC<br>CITY OF PHILADELPHIA<br>                           Defendant. | C.A. NO: 02-CV-4440 |

**PROPOSED JURY INSTRUCTIONS OF DEFENDANT TRANS UNION LLC**

BRUCE S. LUCKMAN
MARK E. KOGAN
TIMOTHY P. CREECH
SATZBERG, TRICHON,
 KOGAN & WERTHEIMER, P.C.
1818 Market Street, 30th Floor
Philadelphia, PA  19103
(215)  575-7600/Fax: (215)  575-7688

*Attorneys for Defendant
Trans Union, LLC*

DATED: June 11, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRACE LAWRENCE<br><br>                            Plaintiff,<br>v.<br><br>TRANS UNION LLC<br>CITY OF PHILADELPHIA<br>                            Defendant. | C.A. NO: 02-CV-4440 |

D-1    Applicability for the Fair Credit Reporting Act, (the "Act")
        15 U.S.C. §1681 et seq.

For the purpose of this case:

(i)    Plaintiff, Grace Lawrence, is a "person" and "consumer" under the Act. §1681a(c)

(ii)    Defendant, Trans Union LLC, is a "consumer reporting agency," under the Act, which regularly engages in the business of assembling consumer credit information on consumers. §1681a(f)

(iii)    A "file disclosure" is the information which, upon request, a consumer reporting agency is required to disclose to a consumer constituting the nature and substance of all information in the agency's files on the consumer. (§1681a(g) and §1681g)

(iv)    A "consumer report" is a communication of information by a consumer reporting agency which serves "as a factor in establishing the consumer's eligibility for credit." §1681a(d).

(v)    No "consumer reports" as defined in the Act exist in this case; the reports admitted into evidence are "file disclosures" sent to plaintiff by Trans Union, not communications to credit grantors, other persons or third parties.

**(Source: 15 U.S.C. §1681(a) <u>Definitions; Rules of Construction,</u> (b), (c) (f) and (g)).**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRACE LAWRENCE<br><br>                    Plaintiff,<br>    v.<br><br>TRANS UNION LLC<br>CITY OF PHILADELPHIA<br>                    Defendant. | C.A. NO: 02-CV-4440 |

D-2    The Elements Of a Cause of Action Under
       The Act. (§1681e(b)(Reasonable Procedures)

Plaintiff claims that she was injured as a result of Trans Union's negligence in furnishing credit information about plaintiff.

In order to establish a cause of action against Trans Union under the Act, plaintiff must prove four elements:

(1)    Trans Union reported false or inaccurate information about plaintiff in connection with an application for credit to be used primarily for personal, family or household purposes.

    (a)    Plaintiff has the initial burden of proving that Trans Union reported inaccurate information about her in connection with credit to be used primarily for personal purposes. If she fails to satisfy this initial burden, she has failed to establish the violation of the Act which she has alleged and you must find against her. If plaintiff proves an inaccuracy was reported in connection with a personal household credit transaction, then she must also prove that:

(2)    Trans Union was negligent in that it failed to follow reasonable procedures to assure maximum possible accuracy of information about plaintiff.

    (a)    Plaintiffs bears the burden of proving lack of reasonableness in Trans

Union's procedures.

(b) The standard for measuring Trans Union's actions is "what a reasonably prudent person would do under the circumstances." To evaluate the reasonableness of Trans Union's procedures you should balance the potential harm for inaccuracy against the burden on Trans Union of safeguarding against the inaccuracy.

(c) The Act, however, does not make Trans Union strictly, or automatically, liable for generating a report merely because it contains an inaccuracy. You must find in favor of Trans Union if plaintiff does not prove that Trans Union failed to follow reasonable procedures, or if Trans Union established that an inaccurate report was generated by following reasonable procedures.

(3) Plaintiff was injured <u>and</u> Trans Union's negligence in reporting inaccurate information was the proximate cause of such injury.

(a) Plaintiff is not entitled to damages unless they prove that **she** was denied personal credit for household purposes by a credit grantor or otherwise damaged <u>and</u> that the denial or damage was not caused by lack of income, other accurate credit information or any other factors. The term "proximate cause" in these instructions means that there must be a connection between the conduct of Trans Union and the injury complained of by plaintiff, and that the act which is claimed to have produced the injury was the natural and probable result of Trans Union's conduct.

(Sources: **Washington v. CSC Credit Services, Inc.,** 199 F.3d 263 at FN3 (5th Cir. 2000); **Cahlin v. General Motors Acceptance Corporation**, 936 F.2d 1151 (11th Cir. 1991); **Philbin v. Trans Union Corp.,** 101 F.3d 957 (3rd Cir 1996); **Ladner vs. Equifax**, 828 F.Supp. 427, 432 (S.D.Miss. 1993); **Casella vs. Equifax Systems**, 56 F. 3rd 469, 474 (2nd Cir. 1995), **cert. denied** 116 S.Ct. 1452, 134 L.Ed.2d 571 (1996); **Black's Law Dictionary** 1225 (6th ed.).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRACE LAWRENCE<br><br>                    Plaintiff,<br>v.<br><br>TRANS UNION LLC<br>CITY OF PHILADELPHIA<br>                    Defendant. | C.A. NO: 02-CV-4440 |

D-3  <u>Reasonableness of Reporting</u>.

If a consumer reporting agency transcribes, stores and communicates consumer information received from a source that it reasonably believes to be reputable, and which is credible on its face, then that consumer reporting agency does not violate §1681e(b) simply by reporting an item that turns out to be inaccurate.  The section does not require error free consumer reports.   This section does not hold a consumer reporting agency responsible where an item of information that it receives from a source that it reasonably believes to be reputable appears credible on its face, and is transcribed, stored and communicated as provided by that source.

**<u>Henson v. CSC Credit Services</u>,  29 F.3d 280, 286, (7th Cir. 1994) <u>Pinner vs. Schmidt</u>, 805 F.2d 1258, 1262 (5th Cir. 1986), rehearing denied, 812 F.2d 1405, <u>cert</u> <u>denied</u> 107 S.Ct. 3267, 3276, 97 L.Ed.2d 766, 780; Federal Trade Commission Commentary on the FCRA, 16 C.F.R. Part 600, Appendix 607(3)(A).**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRACE LAWRENCE<br><br>                              Plaintiff,<br>v.<br><br>TRANS UNION LLC<br>CITY OF PHILADELPHIA<br>                              Defendant. | C.A. NO: 02-CV-4440 |

D-4  <u>Binding Instruction</u>-<u>Reporting Requirements</u>.

      I instruct you that Trans Union is entitled as a matter of law to rely upon the accuracy of the information reported to Trans Union by public record vendors such as Superior Information Services.

**<u>Henson v. CSC Credit Services</u>, 29 F.3d 280, 286, (7th Cir. 1994) <u>Pinner vs. Schmidt</u>, 805 F.2d 1258, 1262 (5th Cir. 1986), rehearing denied, 812 F.2d 1405, <u>cert</u> <u>denied</u> 107 S.Ct. 3267, 3276, 97 L.Ed.2d 766, 780; FTC Guidelines implementing §1681e(b), 16 C.F.R. Part 600, 391.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRACE LAWRENCE<br><br>                    Plaintiff,<br><br>     v.<br><br>TRANS UNION LLC<br>CITY OF PHILADELPHIA<br>                    Defendant. | C.A. NO: 02-CV-4440 |

D-5    <u>DAMAGES - VIOLATION OF THE ACT</u>. --Compensatory Damages for Non-compliance.

If your verdict is for plaintiff on her claim of non-compliance with the Fair Credit Reporting Act, then your duty is to determine the amount of money which reasonably, fairly and adequately compensates her for the damages, if any, which you decide resulted from Trans Union's failure to comply.

You should not interpret the fact that I have given instructions about plaintiffs' damages as an indication in any way that I believe that plaintiff should, or should not, win the case. It is your task to decide whether Trans Union is liable. I am instructing you on damages only so that you will have guidance in the event you decided that Trans Union is liable and that plaintiff is entitled to recover money from Trans Union.

Which, if any, elements of damage have been proved by plaintiff is for you to decide, based upon evidence and not based upon speculation because it is only actual damages -- what the law calls compensatory damages -- that are recoverable. I remind you that you may award compensatory damages only for injuries that plaintiff proves were proximately caused by Trans Union's allegedly wrongful conduct. You should not award compensatory damages for speculative injuries, but only those injuries that plaintiff has actually suffered as a result of Trans

Union's reporting of inaccurate information. That is, plaintiff is not entitled to recover damages associated with credit for which she did not apply or for loans which were denied, but did not result in any financial harm to plaintiff.

The amount of money, if any, to be awarded for certain of these elements of damages, such as mental anguish, cannot be proved in a precise dollar amount. The law leaves such amounts to your sound judgment, although any award must be based on the evidence and not speculation.

Damages for humiliation and mental distress will not be presumed to have occurred. Plaintiff must prove that they have occurred. And emotional distress damages cannot be recovered for things which plaintiff suspected or perceived, but which did not occur; the disclosure of harmful information might create liability, not the risk of such disclosure. The denial of credit may be compensable if a denial is associated with a financial harm. The risk that an application might be denied, the loss of a perceived credit opportunity is not compensable.

Plaintiff must prove by a preponderance of the evidence that any damages incurred were caused by acts or omissions of Trans Union which were not in compliance with the Act. Even if you find that plaintiff was damaged, if you find that the damage was caused by acts or omissions by Trans Union that did not violate the Act, you must find for Trans Union. Further, if you find that plaintiff suffered damages as a result of the inaccuracies in her file, but that the appearance of the inaccuracy was not caused by Trans Union's negligence, meaning acts or omissions of Trans Union that were in violation of the Act, then you must find for Trans Union. Finally, if you find that plaintiff was denied a credit card, but that denial did not result in any actual loss or harm, you must find for Trans Union.

The term "proximate cause" in these instructions means that there must be a connection between the conduct of Trans Union and the injury complained of by plaintiff, and that the act which is claimed to have produced the injury was the natural and probable result of Trans Union's conduct.

**15 U.S.C. §1681o; L. Sand, 3 Modern Federal Jury Instructions §77.01. Instruction 77-3 (1993); Devitt, Blackmar & Wolff, 3 Federal Jury Practice and Instructions §92.07 (1987); <u>Philbin v. Trans Union Corp.</u>, 101 F.3d 957, 963 (3rd Cir. 1996) <u>Cousin v. Trans Union Corp.</u>, 246 F.3d 359 (5th Cir. 2001); <u>Neptune v. Trans Union Corp.</u>, 1993 WL 505601 (E.D. Pa. Dec. 8, 1993), aff'd, 27 F.3d 558 (3rd Cir. 1994) <u>Washington v. CSC</u>, 199 F.3d 263 (5th Cir. 2000)**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRACE LAWRENCE<br><br>            Plaintiff,<br>   v.<br><br>TRANS UNION LLC<br>CITY OF PHILADELPHIA<br>            Defendant. | C.A. NO: 02-CV-4440 |

D-6   Binding Instruction - Civil Liability for
       <u>Wilful Noncompliance.</u>

   I instruct you that plaintiff has failed to prove that Trans Union willfully failed to comply with the Act. Therefore, you cannot award plaintiff punitive damages.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GRACE LAWRENCE<br><br>            Plaintiff,<br>    v.<br><br>TRANS UNION LLC<br>CITY OF PHILADELPHIA<br>            Defendant. | C.A. NO: 02-CV-4440 |

D-7    Binding Instruction - Reasonable Procedures -- Compensatory Damages.

I instruct that you must find that plaintiff has not proven that Trans Union caused plaintiff to suffer any harm in connection with the Chase credit application; this means that you cannot award plaintiff damages for harm resulting from that credit denial.  Likewise, plaintiff cannot recover for emotional distress she claims to have suffered as a result of the alleged credit denial.  Therefore, you must find in favor of Trans Union and against plaintiff on plaintiff's claim for a negligent violation of the Act.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GRACE LAWRENCE<br><br>                    Plaintiff,<br>v.<br><br>TRANS UNION LLC<br>CITY OF PHILADELPHIA<br>                    Defendant. | C.A. NO: 02-CV-4440 |

D-8   The Elements Of a Cause of Action Under
      The Act. (§1681i)(Reinvestigation)

Plaintiff claims that she was injured as a result of Trans Union's negligent failure to make reasonable efforts to reinvestigate her disputes concerning the judgment. The Act §1681i, Procedure in case of disputed accuracy, provides:

(a) **Reinvestigations of Disputed Information:**

**(1) Reinvestigation Required:**

(A) In general:   If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date ion which the agency receives the notice of the dispute from the consumer.

After a consumer disputes information in her file a credit reporting agency must make a good faith effort to determine the accuracy of the disputed item or items. At a minimum, it must check with the original source or other reliable sources of the disputed information and inform them of the nature of the consumer's dispute. The consumer must directly convey that dispute to the credit reporting agency. In order to establish a cause of action against Trans Union under the Act, plaintiff must prove to the jury that:

    (1) Trans Union's file concerning plaintiff contained false or inaccurate information about her.

    (a) Plaintiff has the initial burden of proving that Trans Union's file concerning plaintiff contained inaccurate information about her. If she fails to satisfy this initial burden, she has failed to establish the violation of the Act which she has alleged and you must find against him. If plaintiff proves an inaccuracy was reported, then she must also prove that:

    (2) Trans Union was negligent in that its reinvestigation was inadequate or it failed to conduct a reasonable reinvestigation of plaintiff's disputes.

    (b) The standard for measuring Trans Union's actions is "what a reasonably prudent person would do under the circumstances." To evaluate the reasonableness of Trans Union's reinvestigation you should balance the cost of verifying the source of the information against the possible harm the inaccurately reported information may cause the consumer.

    (c) The Act, however, does not make Trans Union strictly, or automatically, liable. You must find in favor of Trans Union if plaintiff has not proven that Trans Union failed to conduct a reasonable reinvestigation or if Trans Union established that its reinvestigation procedures were proper and reasonable under the circumstances.

    It is not disputed in this case that Trans Union promptly responded to plaintiff's dispute and provided responses and the results of Trans Union's reinvestigations to plaintiff within the time required under the Act. First you must determine whether the judgment existed. If you determine the judgment did exist, then you must find for Trans Union. If you determine that the judgment did not exist, or was not entered against plaintiff in the court records, then you must determine whether Trans Union should have discovered that the judgment was not accurate

and that Trans Union's investigation was negligent for not revealing that there was no judgment against her.  You must then balance the burden and cost to Trans Union of discovering the error and conducting further or different reinvestigations against the harm, if any, caused to plaintiff.

Again, bear in mind that damages for humiliation and mental distress will not be presumed to have occurred.  Plaintiff must prove that they have occurred and were the result of an actual event and not the fear of something which might occur.   Plaintiff must prove by a preponderance of the evidence that any damages incurred were caused by acts or omissions of Trans Union which were not in compliance with the Act.

The term "proximate cause" in these instructions means that there must be a connection between the conduct of Trans Union and the injury complained of by plaintiff, and that the act which is claimed to have produced the injury was the natural and probable result of Trans Union's conduct.

**(Sources: Dalton v. Capital Associated Industries, Inc., 257 F.3d.409, 415 (4th Cir. 2001); Podell v. Citicorp, 112 F.3d 98, 105 (2d Cir. 1997); Henson v. CSC Credit Services,  29 F.3d 280, 286, (7th Cir. 1994)  Cahlin v. General Motors Acceptance Corporation, 936 F.2d 1151, 1160 (11th Cir. 1991); Wiggins v. Equifax, 848 F.Supp. 213, 220 (D.C.D.C. 1993) Federal Trade Commission Commentary on the FCRA, 16 C.F.R. Part 600, Appendix 611(2).**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRACE LAWRENCE<br><br>                    Plaintiff,<br><br>v.<br><br>TRANS UNION LLC<br>CITY OF PHILADELPHIA<br>                    Defendant. | C.A. NO: 02-CV-4440 |

D-9   <u>Binding Instruction - Denial of or Delay in Application for Credit</u>.

I instruct that you must find that plaintiff has not proven that he was denied credit as a result of inaccurate information reported by Trans Union after notice to Trans Union of a dispute.  I also instruct you that Plaintiff is not entitled to recover for damages for emotional distress or pain and suffering simply because she knew of an inaccurate or even potentially damaging item in her Trans Union file.  This is so because there is no evidence that any credit grantor was furnished inaccurate derogatory credit information by Trans Union which caused Plaintiff harm.  Therefore, you cannot find in favor of plaintiff on her claim for damages.  Further, plaintiff is not entitled to recover for the loss of a credit opportunity.

**<u>Casella v. Equifax and Trans Union Corp.</u>, 56 F.3rd 469, 475 (2nd Cir. 1995); <u>Lang v. Trans Union Corp.</u>, 1999 WL 1486717 (W.D. PA 1999); <u>Ladner vs. Equifax</u>, 828 F.Supp. 427, 432 (S.D.Miss. 1993); <u>Watson v. Credit Bureau, Inc.</u>, 660 F. Supp. 48, 50 (S.D. Miss. 1986).**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRACE LAWRENCE<br><br>                Plaintiff,<br>v.<br><br>TRANS UNION LLC<br>CITY OF PHILADELPHIA<br>                Defendant. | C.A. NO: 02-CV-4440 |

D-10   PUNITIVE DAMAGES

The Act specifically limits punitive damages to circumstances where the violation of a requirement of the Act was "willful".  See 1681n, Civil Liability for Willful Noncompliance; "Willful", means a "voluntary and intentional failure to do something the law requires with a purpose to either disobey or disregard the law."

You must not award punitive damages unless you find that plaintiff has presented clear and convincing evidence that special and aggravating circumstances which demonstrate a pattern of the voluntary and intentional failure to do something the law requires, or to conceal something from plaintiffs.  Meaning, you must find plaintiff proved that in connection with her dispute or Trans Union's procedures, Trans Union's engaged in a course of conduct knowingly and intentionally in conscious disregard for his rights under the Act by misrepresenting or concealing something from them.

Finally, you must consider the nature and reprehensibility of Trans Union's wrongdoing, if any, including, for example, the impact, if any, on plaintiff; Trans Union's awareness of the amount of harm being caused and Trans Union's motivation, if any, for causing same; and the duration of Trans Union's misconduct and whether Trans Union attempted to conceal such conduct.

Plaintiff's burden in connection with punitive damages is by clear and convincing evidence. This burden is stricter, higher degree of proof than "by a preponderance" which I described earlier. "Clear and Convincing proof" means proof which results in reasonable certainty of the truth of the ultimate fact in controversy; that is proof which requires more than a preponderance of the evidence. "Clear and convincing proof" will be shown where the truth of the facts asserted is highly probable.

**Philbin v. Trans Union Corporation et al., 101 F.3d 957, 970 (3rd Cir. 1996); Cushman v. Trans Union Corp., 115 F.3d 220 (3rd Cir. 1997); Dalton v. Capital Associated Industries, Inc., 257 F.3d.409, 415 (4th Cir. 2001); Casella v. Equifax and Trans Union Corp., 56 F.3rd 469, 476 (2nd Cir. 1995), , cert. denied, 116 S. Ct. 1452 (1996); Cousin v. Trans Union Corp., 246 F.3d 359 (5th Cir. 2001), cert denied; Stevenson v. TRW, 987 F.2d 288 (1993); Bryant v. TRW, Inc., 487 F.Supp. 1234, 1239, (E.D.Mich, 1980), aff'd 689 F.2d 72 (6th Cir. 1982); Pinner vs. Schmidt, 805 F.2d 1258 (5th Cir. 1986), rehearing denied, 812 F.2d 1405, cert denied 107 S.Ct. 3267, 3276, 97 L.Ed.2d 766, 780; New York Times v. Sullivan, 376 U.S. 254, 279-280 (1964) Gertz v. Robert Welch, Inc., 418 U.S. 323, 342 (1974); Anderson v. Liberty Lobby, Inc, 477 U.S. 242, 251-52, 106 S.Ct. 2505 (1986) MJI 20.10A; Black's Law Dictionary, Sixth Edition.**

#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRACE LAWRENCE<br><br>                    Plaintiff,<br>   v.<br><br>TRANS UNION LLC<br>CITY OF PHILADELPHIA<br>                    Defendant. | C.A. NO: 02-CV-4440 |

D-11   Binding Instruction - Civil Liability for
        <u>Wilful and Negligent Compliance with FCRA §1681i</u>

      I instruct you that plaintiff has failed to prove that Trans Union willfully or negligently failed to comply with the Act's requirements that Trans Union reinvestigate plaintiff's disputes within thirty (30) days or to inform her of the reinsertion of the previously deleted information. Therefore, you cannot award plaintiff punitive or compensatory damages on that claim.

        Respectfully submitted,

        _____
        MARK E. KOGAN
        BRUCE S. LUCKMAN
        TIMOTHY P. CREECH
        SATZBERG, TRICHON,
        KOGAN & WERTHEIMER, P.C.
        1818 Market Street 30th Floor
        Philadelphia, PA  19103
        (215)  575-7600; Fax: (215)  575-7688

DATED: June 11, 2003