## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GRACE LAWRENCE** ) | |
| ) | |
| **Plaintiff,** ) | |
| **vs.** ) | |
| ) | **Civil Action No. 02-CV-4440** |
| **TRANS UNION, LLC** ) | |
| ) | |
| **and** ) | |
| **CITY OF PHILADELPHIA** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### PLAINTIFF GRACE LAWRENCE'S PROPOSED
### POINTS FOR CHARGE & JURY VERDICT FORM

Plaintiff Grace Lawrence, by and through her undersigned counsel, respectfully submits

the following Proposed Points of Charge and Jury Verdict Form.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

BY: _____
JAMES A. FRANCIS, ESQUIRE
MARK D. MAILMAN, ESQUIRE
JOHN SOUMILAS, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Dated: June 16, 2003

## PLAINTIFF'S JURY INSTRUCTION NO. P-1

The plaintiff has brought a claim under the Fair Credit Reporting Act, which is a federal statute intended to regulate credit reporting agencies' handling of consumers' personal information with regard to confidentiality, accuracy, and the proper use of such information.

The purpose of the Fair Credit Reporting Act, in the words of the law, is as follows:

> It is the purpose of the Act to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy and proper utilization of such information.

15 U.S.C. §1681a; Philbin v. Trans Union Corp., 101 F.3d 957, 962 (3d. Cir. 1996). The FCRA was prompted by "congressional concern over abuses in the credit reporting industry." Philbin, 101 F.3d at 962; see also Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329 (9th Cir. 1995). Further, it is fashioned so as to protect the credit worthiness and reputation of every consumer. Ackerly v. Credit Bureau of Sheridan, Inc., 385 F. Supp. 658 (D. Wyo. 1974). The FCRA was crafted to protect consumers from the transmission of inaccurate information about them. Kates v. Croker National Bank, 776 F.2d 1396, 1397 (9th Cir. 1995). Like the other portions of the Consumer Credit Protection Act of 1968, the FCRA is to be liberally construed in favor of the consumer. See Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329 (9th Cir. 1995).

Congress enacted the FCRA to protect consumers against "the trend toward . . . the establishment of all sorts of computerized data banks [that placed a consumer] in great danger of having her life and character reduced to impersonal 'blips' and key punch holes in a stolid and unthinking machine which can literally ruin her reputation without cause, and make

him unemployable." <u>Dalton v. Capital Associated Industries, Inc.</u>, 257 F. 3d 409 (4th Cir. 2000), (citing 116 Cong. Rec. 36570).  As a result, the FCRA imposes grave responsibilities on credit reporting agencies to ensure the accuracy of the information that they report.  <u>Cushman v. Trans Union Corp.</u>, 115 F. 3d 220, 225 (3d. Cir. 1997)

<u>See</u> Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, § 92.02; 15 U.S.C. § 1681; <u>Cushman v. Trans Union Corp.</u>, 115 F. 3d 220, 225 (3d. Cir. 1997)

## PLAINTIFF'S JURY INSTRUCTION NO. P-2

For the purpose of this case:

The plaintiff, Grace Lawrence, is a "consumer" entitled to protection and benefit of the Fair Credit Reporting Act. The consumer reports admitted into evidence are "consumer reports" governed by the Act. The defendant, Trans Union LLC ("Trans Union") is a "consumer reporting agency."

See Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 92.03; 15 U.S.C. § 1681a

## PLAINTIFF'S JURY INSTRUCTION NO. P-3

The plaintiff claims that the defendant Trans Union negligently and willfully violated the Fair Credit Reporting Act by failing to employ reasonable procedures to assure the maximum possible accuracy of the plaintiff's consumer report.  The plaintiff claims that Trans Union allowed inaccurate derogatory credit information – namely a civil judgment in the amount of $2951 – to remain on her credit report. The plaintiff claims that despite her numerous requests to Trans Union to cease reporting and remove the inaccurate and negative information from her credit file, Trans Union has negligently and/or willfully refused to correct the inaccuracies which have caused great injury to the plaintiff and her good name.

Specifically, the plaintiff claims the defendant failed to employ reasonable procedures to assure the maximum possible accuracy of the information it reported on the plaintiff because:  (1) Trans Union permits credit information it knows to be false that is reported by other companies to be communicated to its customers who pay Trans Union for the information; and (2) Trans Union's reinvestigation procedure consists of simply verifying the information with the entity that provided the information to Trans Union that the data is accurate without otherwise independently verifying the accuracy of the disputed information.

## PLAINTIFF'S JURY INSTRUCTION NO. P-4

Under the Fair Credit Reporting Act, whenever a consumer reporting agency prepares a consumer report, it must follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. The law is not directed at a company's policy but at the actual procedure, method or steps followed by a company, its employees or agents, in obtaining information, and in preparing and disclosing a report.

The plaintiff claims that the defendant negligently failed to comply with the Act in failing to follow reasonable procedures to assure maximum possible accuracy of the information in the reports concerning him. To proceed with a claim, a plaintiff need only show that there is a genuine issue of material fact that Trans Union issued credit reports about the Plaintiff that were inaccurate. Philbin v. Trans Union Corporation, 101 F. 3d 957 (3d. Cir. 1996).

The plaintiff has the burden of proof and so must persuade you by a preponderance of the evidence on each of the following propositions:

(1)    that the defendant negligently violated the Fair Credit Reporting Act by reporting false or inaccurate information about the plaintiff and failing to follow reasonable procedures to assure maximum possible accuracy of information about the plaintiff;

(2)    that the plaintiff was injured; and

(3)    that the negligence of the defendant in not only reporting inaccurate Information but also in failing to correct the inaccurate information, was the proximate cause of injury to the plaintiff.

Your verdict must be for the plaintiff if you find that the defendant negligently violated the Act, that plaintiff was injured, and that the negligent violation of the Act was the

proximate cause of plaintiff's injuries.

See Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 92.04; Colletti v. Credit Bureau Services, Inc., 644 F.2d 1148 (5th Cir. 1981); Philbin v. Trans Union Corporation, 101 F. 3d 957 (3d. Cir. 1996).

## PLAINTIFF'S JURY INSTRUCTION NO. P-5

The word "negligence" as used in these instructions means the failure to do something which a reasonably prudent person would do or the doing of something which a reasonably prudent person would not do under the circumstances which you find existed in this case. In other words, the standard of conduct by which you must judge the adequacy of the defendant's procedures in this case is what a reasonably prudent person would do under these circumstances.

The defendant cannot be found negligent if, in fact, the information it reported about the plaintiff is accurate. However, a consumer reporting agency does not necessarily discharge its statutory duty simply by reporting exactly what information it receives from a third party. The question is whether the defendant used reasonable procedures to assure maximum possible accuracy of the information it reports about the plaintiff.

See Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 92.05; Philbin v. Trans Union Corporation, 101 F. 3d 957 (3d. Cir. 1996).

## <u>PLAINTIFF'S JURY INSTRUCTION NO. P-6</u>

For actions brought under the Fair Credit Reporting Act, injury or damage is considered caused by an act, or a failure to act, whenever it appears from the evidence that the act or omission was a substantial part or factor in bringing about or actually causing the injury or damage. It is not necessary that the act was the sole or primary cause of the harm.

The term "proximate cause" as used in these instructions means that there must be a connection between the conduct of the defendant which the plaintiff claims was negligent and the injury complained of by the plaintiff, and that the act which is claimed to have produced the injury was a natural and probable result of the conduct of the defendant.

<u>See</u> Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, §§ 80.18 and 92.06; <u>See</u> <u>Philbin v. Trans Union Corporation</u>, 101 F. 3d 957 (3d. Cir. 1996).

## PLAINTIFF'S JURY INSTRUCTION NO. P-7

The Fair Credit Reporting Act also requires that a consumer reporting agency conduct an investigation of information if the accuracy of that information is disputed by the consumer.

In order to prove Trans Union's liability for failure to conduct a reasonable investigation into her dispute, the plaintiff must show that she disputed an item of inaccurate information in her credit file and that any reinvestigation conducted by Trans Union did not correct the inaccuracy.

If the completeness or accuracy of any item of information contained in a consumer's credit file is disputed by the consumer, and the consumer notifies the agency of the dispute, the agency shall:

(1)     reinvestigate the disputed information free of charge;

(2)     provide notice of the dispute to the person who provided the information, along with all relevant information regarding the dispute received by the consumer; and

(3)     review and consider all relevant information submitted by the consumer in connection with the dispute.

If, after the reinvestigation, an item of information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete the item of information from the consumer's credit file or modify that item of information as appropriate based upon the results of the reinvestigation. 15 U.S.C. §1681i; Cushman v. Trans Union Corp., 115 F. 3d 220, 225 (3d. Cir. 1997)

Further, if a credit reporting agency reinserts any item of information that was

previously disputed and deleted on a consumer's credit file, you may infer that it acted negligently.  <u>Cousin v. Trans Union</u>, 246 F.3d 359 (5th Cir. 2001)

## PLAINTIFF'S JURY INSTRUCTION NO. P-8

As a matter of law, the burden of conducting an investigation into a consumer's dispute lies solely on the consumer reporting agency, not the entity that originally reported the disputed information.  In conducting an investigation of a consumer's credit dispute, the credit reporting agency cannot simply mimic or "parrot" information from the sources of information in performing investigations.

Congress intended that consumer reporting agencies, having the opportunity to reap profits through the collection and dissemination of credit information, bear grave responsibilities to ensure the accuracy of that information.  The duty of investigation imposed on credit reporting agencies by the FCRA consists of more than merely parroting information received from other sources. A reinvestigation that merely shifts the burden back to the consumer and the credit grantor does not fulfill the obligations contemplated by the statute.

Cushman v. Trans Union Corporation, 115 F.3d 220, 226 (3rd Cir. 1997); Stevenson v. TRW, Inc., 987 F.2d 288, 293 (5th Cir. 1993)

## PLAINTIFF'S JURY INSTRUCTION NO. P-9

The issue to be determined by you on the claim that the defendant was negligent is this:    Did the defendant negligently fail to comply with any of the provisions of the Fair Credit Reporting Act?

If your unanimous answer to this questions is no, you will return a verdict for the defendant.  But, if your unanimous answer to this questions is yes, then you have a second issue to determine, namely:   Did the defendant, through its actions and/or inactions, proximately cause any injury or damage to the plaintiff?

If your unanimous answer to this second questions is no, you will return a verdict for the defendant.  But, if your unanimous answer to this questions is yes, then you must find for the plaintiff and answer a third question, namely:   What is the amount of damage or injury sustained by the plaintiff as a proximate cause of the defendant's negligence?

See Bryant v. TRW, Inc., 689 F.2d 72 (6th Cir. 1982).

## PLAINTIFF'S JURY INSTRUCTION NO. P-10

If you find that Trans Union negligently failed to comply with the Act, then your duty is to determine the amount of money that reasonably, fairly, and adequately compensates the plaintiff for the damages which you decide resulted from the defendant's failure to comply.

If the evidence present at trial warrants such a finding, you must award to plaintiff each of the following elements of damage from the time the wrong was committed up to the present time:

**Humiliation**. Casella v. Trans Union Credit Information Serv., 56 F.3d 469 (2nd Cir. 1995); Guimond v. Trans Union Credit Corporation, 45 F.3d 1329, 1333 (9th Cir. 1995);

**Mental Distress**. Guimond v. Trans Union Credit Corporation, 45 F.3d 1329, 1333 (9th Cir. 1995); Fischl v. GMAC, 708 F.2d 143 (5th Cir. 1983)

**Emotional Distress**. Casella v. Trans Union Credit Information Serv., 56 F.3d 469 (2nd Cir. 1995); Dalton v. Capital Assoc., 257 F.3d 409, 418019 (4th Cir. 2001)

**Injury to Plaintiff's Reputation**. Dalton v. Capital Assoc., 257 F.3d 409, 418019 (4th Cir. 2001) Jones v. Credit Bureau of Huntington, Inc., 399 S.E.2d 694 (W.Va. 1990); Fischl v. GMAC, 708 F.2d 143 (5th Cir. 1983)

**Injury to Plaintiff's Credit Rating**. Jones v. Credit Bureau of Huntington, Inc., 399 S.E.2d 694 (W.Va. 1990); Fischl v. GMAC, 708 F.2d 143 (5th Cir. 1983)

**Anxiety**. Bryant v. TRW, Inc. 689 F.2d 72 (6th Cir. 1982).

**Embarrassment**. Bryant v. TRW, Inc. 689 F.2d 72 (6th Cir. 1982).

**Frustration**. Millstone v. O' Hanlon Reports, Inc., 529 F.2d 829, 834-35 (8th Cir. 1976).

The denial of credit is not necessary in order for you to award actual or punitive damages

under the Act.  <u>Casella v. Trans Union Credit Information Serv.</u>, 56 F.3d 469 (2nd Cir. 1995); <u>Guimond v. Trans Union Credit Corporation</u>, 45 F.3d 1329, 1333 (9th Cir. 1995).

If any element of damage is of a continuing nature, you shall decide how long it may continue and award plaintiff compensation for reasonably calculated future damages.

There is no fixed standard or measure in the case of intangible items such as anxiety, humiliation, embarrassment, mental anguish, and emotional distress.  You must determine a fair and adequate award of these items, both the distress and embarrassment to date and any continuing distress, using your judgment and experience in the affairs of the world after considering all the facts and circumstances presented during the trial of this case.

A person may recover for emotional distress based on her own subjective testimony about her feelings.  She does not have to introduce medical or other testimony.  <u>Smith v. Law Office of Mitchell N. Kay</u>, 124 B.R. 182, 185 (D. Del. 1990); <u>Johnson v. Dept. of Treasury, I.R.S.</u>, 700 F.2d 971, 985 fn. 39 (5th Cir. 1983). <u>Thompson v. San Antonio Retail Merchants Ass'n</u>, 682 F.2d 509 (5th Cir. 1982).

## PLAINTIFF'S JURY INSTRUCTION NO. P-11

Damages recoverable for willful noncompliance with the Fair Credit Reporting Act are of two kinds. First are the damages which are actually suffered by reason of the wrong complained of; and second, punitive damages, which means damages over an above the actual damages, if any, suffered by the plaintiff. Punitive damages may be awarded by you in your discretion for the purpose of making an example of and punishing the defendant for the wrong done and to serve as an example to others not to engage in such conduct.

I have already instructed you on the law regarding actual damages.

If you, as jurors, find from a preponderance of the evidence that the plaintiff is entitled to a verdict for actual damages, and you further find that the acts or omissions of the defendant which proximately caused the actual injury or damage to the plaintiff were willfully done, then you may, in the exercise of discretion if you unanimously choose to do so, add to the award of actual damages such an amount as you shall unanimously agree to be proper as punitive damages.

Whether or not to make an award of punitive damages, in addition to actual damages, is a matter exclusively within your province. You should bear in mind the requirement of the law that the amount of such punitive damages must be fixed with calm discretion and sound reason and must never by either awarded, or fixed in amount, because of any sympathy or bias, or prejudice with respect to any party to the case.

See Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 92.10.

**PLAINTIFF'S JURY INSTRUCTION NO. P-12**

If you find that Trans Union's policies were in contravention of consumers' rights to a complete and accurate credit report, or in conscious disregard of its duty to investigate a consumer's credit disputes, you must find that Trans Union acted willfully and you may award punitive damages.  Cushman v. Trans Union Corp., 115 F.3d 220, 227, (3d Cir. 1997); Yohay v. City of Alexandria Employees Credit Union, Inc., 827 F.2d 967 (4th Cir. 1987).

## PLAINTIFF'S JURY INSTRUCTION NO. P-13

Upon finding that Trans Union willfully failed to follow reasonable procedures in dissemination of plaintiff's credit report or in its investigation of her disputes, you are to award her any actual damages as discussed above. In awarding punitive damages under the Fair Credit Reporting Act, you may award punitive damages even if you believe Plaintiff proved no actual damages or just nominal actual damages. 15 U.S.C. § 168ln; <u>Cush-Crawford v. Adchem Corp</u>.,___F.3d____ (2d Cir. Nov. 16, 2001); <u>Casella v. Trans Union Credit Information Serv</u>., 56 F.3d 469 (2d Cir. 1995)

## PLAINTIFF'S JURY INSTRUCTION NO. P-14

In order to award punitive damages you need <u>not</u> find malice or evil motive on part of the defendant, Trans Union.  Punitive damages are awarded not to compensate the plaintiff for her injury, but rather, to punish reprehensive conduct and to deter its future occurrence.

Some of the factors you may consider in assessing punitive damages include:

(a)     the remedial purpose of the Fair Credit Reporting Act;

(b)     the harm to the consumer intended to be avoided or corrected by the Act;

(c)     the manner in which the defendant conducted its business with regards to its reinvestigation procedures and the preventing inaccuracies in credit files; and

(d)     the defendant's net worth;

See <u>Gertz v. Welch</u>, 418 U.S. 323, 350 (1974); <u>Kaplan v. Harco Nat. Ins. Co.</u>, 708 So.2d 89, 95 (Miss.App.1998); <u>Jones v. Credit Bureau of Huntington, Inc.</u>, 399 S.E.2d 694 (W.Va. 1990).

In awarding punitive damages under the Fair Credit Reporting Act, you should consider an award that would be adequate to deter defendant's similar conduct in the future. <u>Pinner v. Schmidt</u>, 805 F.2d 1258 (5th Cir. 1986)

## PLAINTIFF'S JURY INSTRUCTION NO. P-15

As a separate matter, plaintiff claims that Trans Union provided false information about her to other companies which made her look bad. The law refers to this as "Defamation." You can award damages to Plaintiff for defamation under the same "reckless disregard" standards I instructed you about earlier. When Trans Union confirmed that the delinquent credit information belonged to plaintiff, did it act with reckless disregard of whether that information about Plaintiff was true or false? If you find that Trans Union acted with reckless disregard of whether the information was true or false, and the information was false, you may award actual damages and punitive damages for defamation.

## JURY VERDICT FORM

**PART I.**    (CHECK ONLY ONE LINE)

_____    We find in favor of the plaintiff, Grace Lawrence.
(GO TO <u>PART II</u> AND COMPLETE A & B, AS APPROPRIATE)

_____    We find in favor of the defendant, Trans Union.
(TELL THE CLERK THAT YOU ARE DONE)

**PART II.**    (FILL IN ALL LINES, AS SUPPORTED BY THE EVIDENCE)

A.    If you find in favor of the plaintiff, you must fill in below all damages amounts that are supported by the evidence:

(1)    We assess damages for financial losses and lost time in the amount of:
$_____ (Fill in amount).

(2)    We assess damages for loss of credit opportunities in the amount of:
$_____(Fill in amount).

(3)    We assess damages for harm to credit rating in the amount of:
$_____(Fill in amount).

(4)    We assess damages for humiliation, embarrassment, anxiety, emotional distress and/or mental anguish in the amount of:
$_____(Fill in amount).

(5)    We assess damages for harm to name and reputation in the amount of:
$_____(Fill in amount).

B.    If you find that Trans Union acted with reckless disregard in reporting credit information about Ms. Lawrence, you must also determine what amount of punitive damages are appropriate under the facts of this case.

We assess punitive damages in the amount of $_____(Fill in amount).