IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRACE LAWRENCE<br><br>                    Plaintiff,<br>   v.<br><br>TRANS UNION LLC<br>CITY OF PHILADELPHIA<br>                    Defendant. | C.A. NO: 02-CV-4440 |

**TRANS UNION LLC'S SUR-SUR-REPLY TO PLAINTIFF'S
SUR-REPLY TO TRANS UNION'S REPLY TO PLAINTIFF'S OPPOSITION
TO TRANS UNION'S MOTION FOR SUMMARY JUDGMENT**

Trans Union LLC ("Trans Union"), states as follows in Sur-Sur-Reply to Plaintiff's Sur-Reply to Trans Union's Reply to Plaintiff's Opposition to Trans Union's Motion for Summary Judgment:

**I.    INTRODUCTION**

Plaintiff's Sur-Reply, purportedly offered in rebuttal to the declarations submitted in Trans Union's reply and to address new case law, fails to offer any new evidence or to cite any new case that affects the facts and law properly before this Court.[1]  Plaintiff's FCRA claims prior to July 3, 2000, including the alleged Sallie Mae denial, are barred by the statute of limitations. The PA CPL does not apply to Trans Union's conduct in carrying out its Federal statutory duties. Even if it does, the two-year statute of limitations should apply.  Plaintiff has failed to meet her summary judgment burden to establish she suffered any cognizable harm.  Plaintiff has failed to adduce any evidence that Trans Union willfully reinvestigated Plaintiff's dispute; the only

---

[1]   The identity of the public record vendor was disclosed to Plaintiff in March 2003 in Supplemental Initial Disclosures, three (3) months before Trans Union's motion for summary judgment was filed.  No negative inference can be drawn against *Trans Union* because Plaintiff chose not to pursue depositions of Superior prior to the filing of Trans Union's motion or Plaintiff's (two) responses.

evidence of record is Trans Union's extensive and reasonable procedures in conjunction with its public records vendor, Superior Information Services, Inc. Plaintiff presents nothing more than attorney argument which materially mischaracterizes Trans Union's defense and the record.

Trans Union does not instantly contend that it acted reasonably "by relying upon a third party." (See Sur-Reply, fn.1) Plaintiff's unfounded "surmise" and "conclusions" to the contrary miss (or misread) the point entirely. (Sur-Reply, p.2)[2] Trans Union has demonstrated reasonable procedures are maintained and that Superior was selected, audited, subject to competitive challenges to retain its contract, and complies with strict contractual and FCRA guidelines. (See Stockdale Deposition and Cerbus Declaration). Plaintiff is correct that Superior's declarations "indicate that Superior employs the highest standards and provides accurate information regarding public records…." (Sur-Reply, p. 2) The standards and accuracy are exactly the performance Trans Union requires. Under the circumstances, Plaintiff has failed to meet her burden to show that Trans Union's actions were negligent, much less willful.

## II.   ARGUMENT

### A.   Plaintiff's Claims Prior to July 3, 2000 Are Barred by the Statute of Limitations.

Plaintiff has utterly failed to distinguish, or even address, the clear and binding authority cited in Trans Union's Reply (pp.2-4), which demonstrates that the PA CPL does not apply to or rescue her time barred FCRA claims. This is so because her claim does not involve a sale or

---

[2] In this connection, Soghomonian v. United States, Trans Union, et al, is entirely irrelevant. There, Trans Union relied largely upon a defense that the underlying tax litigation was complex and the document releasing the disputed liens was unique and unknown to Trans Union and the public record vendor, Hogan. The Court did not address Trans Union's reinvestigation procedures and apparently there was no basis for the court to determine whether such procedures might have complied with the FCRA. Instantly, as required by Cushman and suggested by Dalton (discussed *infra*), Trans Union has made a substantial record of the relevant compliance procedures and does not suggest that any error ought to excused because "a third party vendor" did not understand or recognize any particular document.

lease of any good or service between Trans Union and Plaintiff, directly or indirectly. *All* of plaintiff's alleged violations of the PA CPL arise solely from alleged violations of Trans Union's FCRA duties. Complaint ¶¶60(a-e). Plaintiff merely rehashes her FCRA claims under the rubric of PA CPL. Complaint, Count Five. Plaintiff's attempt to revive her long-expired FCRA claims by renaming them "PA CPL" claims must fail for the reasons explained in Trans Union's opening brief and reply. Moreover, Plaintiff assertion that Trans Union abandoned its contention that the PA CPL has a two year statute of limitations is simply untrue. Trans Union maintains its argument that if PA CPL claims are/were cognizable, the two-year statute of limitations applies. (*See* Trans Union's Opening Brief, pp.10-13).

### B. No Causation of Cognizable Harm Has Been Established Within the Statute of Limitations

Plaintiff's statement that the statute of limitations does not expire until May 2004 is a *non sequitur*. Plaintiff has not demonstrated that Trans Union furnished the alleged credit information to any creditor in May 2002. Even if Trans Union did, there is no evidence that this or any other reporting within the statute of limitations caused Plaintiff any cognizable harm. Plaintiff was *not* denied credit by Chase in 2001; Plaintiff withdrew the application and there is no competent evidence that this withdrawal occurred after Plaintiff was aware that Chase received *any* information from Trans Union, let alone information respecting the judgment.[3] As the Third Circuit held in Philbin:

> We hasten to add that the burden of proving causation remains with the plaintiff at all times and never shifts to the defendant. 101 F.3d at 970.

---

[3] Trans Union has not contended and does not contend instantly that a denial of credit is a prerequisite to an FCRA claim of harm. In this matter, Plaintiff has utterly failed to connect Trans Union's conduct to any cognizable harm, either in connection with the Chase application or any other consumer report furnished to any other person.

Plaintiff has failed to meet this burden.

Plaintiff's claim for "humiliation and anxiety throughout the entire period of the misreporting of the judgment" (Sur-Reply p.5) fails because her claim that she "knew of an inaccurate and potentially damaging item in [her] credit report" is far too speculative to sustain an FCRA claim of damages. Casella v. Equifax Credit Info. Servs., 56 F.3d 469, 475 (2nd Cir. 1995); see also Obabueki v. Choicepoint, Inc., 236 F.Supp.2d 278 (S.D. NY 2002) aff'd 319 F.3d 87 (2nd Cir. 2003), discussed in Trans Union's opening brief, pp.13-17. Plaintiff cannot connect Trans Union's "misreporting of the judgment" to any cognizable harm within the statute of limitations.

    **C.**    **Trans Union Is Entitled to Summary Judgment on Plaintiff's Punitive Damages Claims.**

Trans Union has demonstrated instantly, with unrebutted evidence, that it follows extensive and reasonable procedures in the hiring and auditing of its public record vendor. Trans Union established the procedures via Declarations and deposition testimony. (See Opening Brief and Reply.) The record in connection with the Trans Union's oversight of Superior and Superior's experience, procedures and quality of service is unchallenged.

Instead, Plaintiff *argues* without explanation that Trans Union's reporting of the judgment "was a result of Trans Union's faulty procedures, and not Superior's conduct." Sur-Reply, p.2. The conclusory disconnect between Trans Union and its vendor, Superior, is never explained or justified. In fact, the challenges raised in the Sur-Reply (p.3), are nothing more than unfounded attorney argument. Plaintiff complains about the decision to require Superior to physically go to the courthouse to review the actual file in response to plaintiff's dispute, as opposed to reviewing the original tape which contained the judgment or the screen print plaintiff

furnished. However, neither Trans Union nor Superior relied upon a secondary source, but instead reviewed the actual Municipal Court file, the actual source of the information. The reinvestigation was accomplished without regard to the tape on which the judgment was first reported. (*See* Cerbus Declaration, para. 5)  To do otherwise might be considered "parroting." Finally, there is no connection between Trans Union's identification of the Municipal Court as the "original source" to any harm or claim alleged.[4]

As set forth in Trans Union's Opening brief, Trans Union was entitled to rely on its vendor to reinvestigate and furnish information, absent notice the vendor was unreliable.  See Cushman v. Trans Union Corp., 115 F.3d 220 (3rd Cir. 1997).  Unreasonable reliance upon a public record vendor may be shown where the plaintiff establishes a deficiency in the requirements imposed by the consumer reporting agency upon a vendor. (*See* Dalton v. Capital Associated Industries, Inc., 257 F.3d.409 (4th Cir. 2001) and Obabueki v. IBM Corp., 145 F. Supp. 2d 371 (S.D. NY 2001).   Here, **Trans Union** demonstrated substantial auditing and compliance procedures and Plaintiff failed to contradict such evidence or to otherwise suggest that Trans Union's procedures were unreasonable.  *See* Trans Union's opening brief, pp.18-19.

Plaintiff circumvents the extensive procedures which Trans Union utilized to hire and monitor Superior and instead focuses in a vacuum on the $5.00 cost of this particular reinvestigation.  Plaintiff inexplicably ignores the procedures employed by Trans Union to gather and verify public record information.  (*See* Deposition of Stockdale and Declarations of Cerbus and Palmer).   There is no evidence, however,  to support Plaintiff's allegation that Trans Union

---

[4] As Trans Union explained in its opening brief (p.12), the claim that Trans Union "misidentified" the Municipal Court as the original source was raised for the first time in Plaintiff's pretrial, not in the Complaint.   In any event, the assertion is irrelevant.  The "original source" is the Court where the judgment is filed – that is where the reinvestigation was conducted.  There is no contrary legal or statutory authority which suggests that a public record vendor is the "source."

somehow willfully limited the cost of verifying and that that alleged cost cutting resulted in an error.

## III. CONCLUSION

For all the above reasons and authorities, Defendant Trans Union LLC respectfully moves this Court to enter summary judgment in its favor, and to dismiss Plaintiff's claims with prejudice.

Respectfully Submitted,

_____
BRUCE S. LUCKMAN        (38636)
TIMOTHY P. CREECH       (81728)

SATZBERG, TRICHON,
  KOGAN & WERTHEIMER, P.C.
1818 Market St., 30th Floor
Philadelphia, PA 19103
(215) 575-7600; Fax: (215) 575-7688
bluckman@mstkw.com
tcreech@mstkw.com

*Attorneys for Defendant,
Trans Union LLC*

DATED:    September 3, 2003