IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRACE LAWRENCE<br>          Plaintiff,<br>v.<br><br>TRANS UNION LLC<br>CITY OF PHILADELPHIA<br>          Defendant. | C.A. NO: 02-CV-4440 |

**TRANS UNION LLC'S OPPOSITION TO PLAINTIFF'S
<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Trans Union LLC ("Trans Union"), by and through its undersigned attorneys, states as follows in opposition to Plaintiff's notice of supplemental authority:

The majority of Judge Dalzell's opinion in *Crane v. Trans Union* is not relevant to the instant action. There, the court suggested that a reasonable jury might find that Trans Union's policy not to send the consumer's dispute materials to the credit furnisher may be considered by a jury to be a willful FCRA violation. *Crane,* p.18. That issue is not germane here, where Trans Union's vendor was required by contract to verify the disputed information, not by the original tape source, but by physically going to the courthouse to inspect and review the actual court files.

Finally, *Crane* found that a PA CPL claim may be brought based upon §1681s of the FCRA. Trans Union respectfully submits that the holding is contrary to the law and erroneous. As set forth instantly, Plaintiff was not a "purchaser," and binding Third Circuit authority mandates that the PA CPL does not apply. <u>Katz v. Aetna Cas. & Sur. Co.</u>, 972 F.2d 53, 55 (3rd Cir. 1992); <u>Balderston v. Medtronic Sofamor Danek, Inc</u>., 285 F.3d 238, 242 (3rd Cir. 2002). Trans Union's Reply, pp.2-3.

Moreover, the crucial statute of limitations issue here was not considered (or at issue) in *Crane*. Trans Union respectfully submits that even if this Court were to rule that §1681s creates

a private right of action under the PA CPL (a result Trans Union asserts is contrary to existing law), the statute of limitations for such claim should be two years as set forth in §1681p of the FCRA.  *See* Andrews v.  TRW, Inc., 122 S.Ct. 441, 534 U.S. 19, 151 L.Ed.2d 339 (2001).  To hold otherwise would create the unfair result of allowing a consumer to create a PA CPL claim based solely upon the FCRA, but to jettison §1681p in favor of a limitations period (possibly) three times greater found only in a Pennsylvania "catch all" limitations provision.

Most recently, the First Circuit Court of Appeals reiterated the Supreme Court's holding in Andrews that Congress, not the courts, should extend the statute of limitations in the context of a **statutory** claim which contains a statute of limitations and discovery exception:

> Although the Supreme Court held in TRW Inc. [TRW Inc. v. Andrews, 534 U.S. 19, 151 L. Ed. 2d 339, 122 S. Ct. 441 (2001)][1] that under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., a claim accrues at the time of injury, not when the injury is discovered, the Court noted that the FCRA, a complex statutory scheme, had a statute of limitations which already contained a built-in discovery exception for willful misrepresentation. TRW Inc., 534 U.S. at 30; see 15 U.S.C. § 1681p.  Thus, according to the Court, since the FCRA "explicitly delineates the exceptional case in which discovery triggers the two-year statute of limitation," any further extension of the FCRA's discovery rule should come from Congress, not the Court. TRW Inc., 534 U.S. at 23. By comparison, the FTCA's [Federal Tort Claims Act] statute of limitations contains no such built-in exception. See 28 U.S.C. § 2401(b).  Moreover, liability under the FTCA is premised on general principles of the common law of torts, and not on a statutorily created right. Skwira, et al. v. United States, 2003 U.S. App. LEXIS 19005, 25-26* , (decided September 15, 2003).

There, the court of appeals distinguished a tort based FTCA claim from a statutory based FCRA claim, and allowed the discovery exception to extend the statute of limitations of that wrongful death **tort** claim.

---

[1] Andrews was discussed in Trans Union's Opening and Reply Brief., pages 10-11 and 2, respectively.

It is respectfully submitted that if the Court finds that §1681s creates a PA CPL claim, the entire FCRA statutory scheme should apply, including §1681p. Any other result improperly ignores an express Congressional intent to impose a strict two (2) year statute of limitations in favor of a vague state law "catch-all" provision.

                              Respectfully Submitted,

                              SATZBERG, TRICHON,
                                KOGAN & WERTHEIMER, P.C.

                              _____

MARK E. KOGAN      (10186)
BRUCE S. LUCKMAN  (38636)
TIMOTHY P. CREECH  (81728)

1818 Market St., 30th Floor
Philadelphia, PA 19103
(215) 575-7600; Fax: (215) 575-7688

*Counsel for Defendant,
Trans Union LLC*

DATED:    September 30, 2003