IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRACE LAWRENCE<br><br>                    Plaintiff,<br>   v.<br><br>TRANS UNION LLC<br>CITY OF PHILADELPHIA<br>                    Defendant. | C.A. NO: 02-CV-4440 |

**TRANS UNION LLC'S REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION FOR RECONSIDERATION**

      Trans Union LLC ("Trans Union"), by and through its undersigned attorneys, states as follows in Reply to Plaintiff's Opposition to Trans Union's Motion for Summary Judgment:

**I.    INTRODUCTION**

      Plaintiff's Opposition makes three material misstatements.  First, Plaintiff misstates the appropriate grounds for reconsideration; the evidence need not be "new," if it was properly before the Court and overlooked.  Second, Plaintiff misstates the nature of the screen print which Plaintiff provided Trans Union with her dispute; it was not reasonable to rely on this document to determine the status of the judgment where the "original" (Cerbus Dep. p.155) court records were available (and actually used). Third and most important, Trans Union's verification of the disputed information was based on "original" court records; Plaintiff's unfounded statement that Trans Union had no basis to verify this information is simply without merit and without basis in the record.

      Based on the *evidence* before this Court, no reasonable jury could conclude that Trans Union willfully violated the FCRA.  Accordingly, Trans Union is entitled to summary judgment on Plaintiff's willfulness and state law claims.

## II. ARGUMENT

### A. Standard for Reconsideration

Plaintiff unfairly characterizes footnote 4 of this Court's opinion as "innocuous," as if the court actually read the materials, but chose to state otherwise. The Court stated that "[t]he details of what Superior did or failed to do in investigating Lawrence's disputes are therefore *unknown*." Order, FN4 (emphasis supplied). Plaintiff's statement that this plain oversight is "innocuous" is unfounded.

Moreover, Plaintiff's claim that reconsideration is inappropriate because the evidence before the Court is not "new" is simply incorrect. The evidence was properly before this Court at the time of its ruling on summary judgment, but overlooked. *See e.g.*, Selaras v. M/V Cartagena De Indias, 959 F. Supp. 270, 274 (E.D. PA 1997) (reconsidering grant of summary judgment based on evidence properly before the Court, but overlooked).

Instantly, the testimony of Cerbus was properly before this Court. *See* Docket #40, granting leave to supplement summary judgment record.[1] Accordingly, because this was overlooked, and because the deposition conclusively demonstrates Trans Union did not willfully violate the FCRA, this Court should reconsider its denial of summary judgment on Plaintiff's punitive damages and state law claims.

### B. The Screen Print

Despite the evidence, Plaintiff persists in her unfounded assertion that the computer screen print Lawrence sent with her dispute was relevant to the reinvestigation. She asserts that Cerbus' "testimony simply is not tantamount to TU's proposition that Superior would have

---

[1] Plaintiff claims Trans Union "neglects to mention" that this motion was granted. Opposition, p.2. This is wrong; the instant motion for reconsideration is based on the fact that the motion to supplement *was* granted, and the deposition was properly before the Court, but unfortunately overlooked. *See* Reconsideration, pp.1-2.

2

absolutely no use for a computer generated docket sheet…" Reconsideration Opp. p.5. To the contrary, Cerbus testified unequivocally that the document would not be used by Superior in connection with a reinvestigation:

```
9    A.    I do hear your question.  Now,
10   what you'll need to remember is that when
11   Nicholas [Palmer, investigator] goes to the court, he pulls the
12   original copies, so he's not looking at
13    this.  This is what the people at the
14   court -- they're terminal looks like.
15   Q.    Okay.
16   A.    So he wouldn't be looking at this
17    sheet anyway.
```

(Exhibit "A" to Trans Union's Reconsideration Motion, p.155 (emphasis supplied))

Plaintiff's citation to the record conveniently avoids this testimony, and misleadingly construes the Cerbus testimony as supporting Plaintiff's position that the screen print established no judgment was entered against Lawrence. *See* Reconsideration Opp., pp.6-8, *citing* Cerbus Dep., pp.156, 159, 162-163. Instead, the testimony cited by Plaintiff simply highlights that the document was highly ambiguous and not the sort ever used by Superior. Thus, the document was not reliable and only the "original" court records are the appropriate source for reinvestigating the dispute.

In this connection, Plaintiff's reliance on <u>Soghomonian v. United States, Trans Union, et al</u>, 278 F.Supp. 1151 (E.D.CA 2003) is misplaced. In that matter, the Court found the document the consumer included with his dispute (a "CNA"), demonstrated the disputed item ***was*** inaccurate and would have affected the outcome of the reinvestigation. 278 F.Supp at 1156. The record here demonstrates that the screen print would ***not*** have altered the outcome of the reinvestigation and does not demonstrate inaccuracy. As such, plaintiff's counsel's contrary assertions are irrelevant attorney argument without factual support in the record.

Because the screen print had no bearing on or use for Trans Union's the reinvestigation, Crane is inapposite. Simply put, the sole evidence of record demonstrates the screen print had no, and could have no, bearing on the outcome of the reinvestigation of Plaintiff's disputes.

**C.    Superior's Role in the Reinvestigation**

Plaintiff's reliance on Cushman and Crane to establish Trans Union willfully violated the FCRA is inapposite. Trans Union did not "parrot" Superior's response to Plaintiff's dispute. *See* Reconsideration Opp. p.4. Despite Plaintiff's contentions, Superior is not the "furnisher" of information. Instead, Superior obtained the information from the Philadelphia Municipal Court. Trans Union did not "parrot" a response from that Court. Instead, it contracted with Superior to obtain and analyze the underlying "original" court records regarding the item. Unlike Cushman or Crane, the source was not the entity which responded to Trans Union's communication of Plaintiff's dispute. Instead, Superior affirmatively obtained and analyzed the ***original*** court records of the disputed item.

Further, as the deposition of Nancy Cerbus establishes, Nicholas Palmer, a senior Prothonotary with 23 years experience, reviewed the ***actual court records***. Trans Union's review of such Court records was done by a highly qualified person without regard to the original tape source. In this context, "parroting" might have been reliance on ***Superior's*** internal records, but not the review of the ***Court's*** original records.

As explained previously, Trans Union, as is standard in the industry, uses a public records vendor which specializes in interpreting court records for Trans Union. *See* Trans Union's opening brief, and deposition of William Stockdale. Clearly, the fact that Trans Union uses a contractor instead of internal employees cannot itself be the basis of a willfulness claim

and Plaintiff does not assert otherwise. *See* Plaintiff's Sur-Reply, p.2.[2] Plaintiff's argument fails because she asserts Trans Union "parroted" its vendor where, instead, the vendor inspected original court records on behalf of Trans Union. The judgment was reported to Superior (on behalf of Trans Union) by a tape from the Municipal Court. The reinvestigation did not consist of a parroting of this tape. Trans Union did not willfully violate the FCRA.

Trans Union did not "'knowingly and intentionally commit[] an act in conscious disregard for the rights of others...'" Cushman, 115 F.3d at 226 (*quoting* Philbin, 101 F.3d at 970). A grant of summary judgment on Plaintiff's willfulness claims is entirely consistent with the Court of Appeals' decision in Dalton v. Capital Associated Industries, Inc., 257 F.3d.409, 415 (4th Cir. 2001)[3]:

> A showing of malice or evil motive is not required to prove willfulness under the Act. The plaintiff must only show that the defendant "knowingly and intentionally committed an act in conscious disregard for the rights" of the consumer. Even though summary judgment is "seldom appropriate" on whether a party possessed a particular state of mind, evidence that CAI acted willfully is wholly lacking. Dalton has not shown, for example, that CAI was aware that its subvendors relied upon informal legal opinions from court clerks. There is no evidence that other consumers have lodged complaints similar to Dalton's against CAI. Indeed, CAI had used SafeHands for about a year and had found the firm to be reliable. Further, CAI corrected its mistake one day after Dalton challenged the accuracy of the report. Accordingly, no reasonable jury could conclude that CAI acted willfully in violating § § 1681e(b) or 1681k. Nevertheless, a jury could properly conclude that CAI acted negligently. CAI had no procedures in place to instruct its subvendors on the appropriate sources for reliable information on criminal records. A reasonable

---

[2] Plaintiff acknowledged in her Sur-Reply that "… the Superior declarations indicate that Superior employs the highest standards and provides accurate information regarding public records to TU." Following the depositions, Plaintiff has not retracted this statement. Indeed, she could not, as Superior employs the highest standards in the industry. *See* Stockdale Dep.

[3] As explained in Trans Union's opening brief, Dalton involves a similar action where a public records vendor improperly characterized a conviction as a felony on behalf of the consumer reporting agency defendant. *See* Trans Union's Opening brief, p.19.

jury could conclude that CAI's failure to have such procedures was a negligent violation of FCRA. (*internal citations omitted*.)

The record before this Court is clear and it should follow the authority of <u>Cushman</u>, <u>Philbin</u> and <u>Dalton</u>. Trans Union has in place extensive procedures to assure the gathering and verification of public records is accomplished through highly qualified personnel who are subject to rigorous screening, training and auditing. While negligence might remain a jury question, willfulness does not.

### III. CONCLUSION

For all the above reasons and authorities, Trans Union respectfully requests this Court reconsider its December 11, 2003 Order denying summary judgment as to Plaintiff's punitive damages and state common law claims.

Respectfully Submitted,

SATZBERG, TRICHON,
 KOGAN & WERTHEIMER, P.C.

_____
MARK E. KOGAN         (10186)
BRUCE S. LUCKMAN      (38636)
TIMOTHY P. CREECH     (81728)

1818 Market St., 30th Floor
Philadelphia, PA 19103
(215) 575-7600; Fax: (215) 575-7688

*Counsel for Defendant,*
*Trans Union LLC*

DATED:   January 9, 2004