IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Grace Lawrence | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | 02-4440 |
| | : | |
| Trans Union LLC | : | |
| | : | |
| Defendant | : | |

**EXPLANATION AND ORDER**

On December 11, 2003, I issued a Memorandum and Order denying defendant Trans Union's (TU) motion for summary judgment with respect to all claims except plaintiff Lawrence's claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201.1 et seq (Docket #41). On December 18, 2003, TU filed a Motion for Reconsideration (Docket #42). TU requests that I reconsider my Order as to plaintiff's punitive damages and state common law claims.

TU first notes that my order fails to include their supplemental submission and thus erroneously states in a footnote that "Superior has refused to abide by the subpoena served upon it. . . [t]he details of what Superior did or failed to do in investigating Lawrence's disputes are therefore unknown." Defendant points to the deposition of Nancy Cerbus and the statement of Nicholas Palmer, documents submitted to the Court as supplements to the record after the other briefs were filed, as evidence that negates this statement. Nancy Cerbus is a vice president at Superior and Nicholas Palmer is an independent contractor for Superior. "The purpose of a

1

motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). TU is correct that this evidence provides some information as to what Superior did in its investigation of Lawrence's dispute. I therefore acknowledge that the statement about Superior's activities being entirely unknown was made in error. However, this is not a "manifest" error of fact and it does not affect my analysis or disposition of TU's motion for summary judgment. Accordingly, I will deny the motion for reconsideration.

The facts of this case are laid out in my previous order and I need not re-state them here. The lack of comment on Cerbus's testimony or Palmer's statement in my order was proper because the statements are irrelevant to the determination of TU's liability.

Palmer testified that he could not independently recollect investigating Lawrence's dispute, but that he is required to review actual court documents and records when verifying judgments, and that in the Philadelphia Municipal Court this involves reviewing the actual Court file, pleadings and records for each case. Palmer Decl. ¶¶ 7, 10. Palmer also stated that he is aware that "if a judgment is for a defendant on a counter-claim that a judgment should be reported against the plaintiff as the counterclaim-defendant, not against the party listed as the defendant on the lawsuit." Id. at ¶11. Palmer's declaration sheds little light on how the investigation of Lawrence's judgment could have been done erroneously on every occasion.

Cerbus testified that Superior did investigate the Lawrence judgment in January 1998 and February 2001. Cerbus Dep. at 9-10. The certified court records are in evidence, and they are clear that Lawrence was awarded a judgment in the Philadelphia Municipal Court. Palmer's statement indicates that Superior employees are required to review the actual court documents

when reinvestigating a claim. Yet somehow the employee investigating Lawrence's case continued to see that Grace Lawrence was the defendant in the Philadelphia Municipal Court dispute, and to read the words "Judgment for Defendant" as a judgment *against* Lawrence. Superior then repeated this erroneous interpretation of the judgment to TU, who continued to report a false judgment against Lawrence. TU offers this as evidence that should somehow relieve TU of liability.

I summarized plaintiff's allegations against TU in the December 11, 2003 order as follows:

> Lawrence has asserted that she made many attempts to correct the erroneous information on her credit report. TU, without providing Lawrence with any explanation, rejected the documentation Lawrence provided to clear her record. TU never forwarded the docket to Superior and simply parroted the information Superior provided despite Lawrence's many attempts to correct the error. Finally, TU still has not verified the actual disposition of Lawrence's 1996 judgment.

None of the facts which support these allegations are affected by Cerbus's deposition or Palmer's declaration. The Cerbus deposition introduces evidence that the Superior "investigation" of the judgment may have been grossly incompetent. It does nothing to alter the fact that Lawrence sent TU some kind of documentation meant to aid in their investigation and that this document was ignored; that TU simply parroted Superior's erroneous interpretation of the judgment[1], and that TU itself has never verified the actual disposition of the judgment. "The

---

[1] TU argues that "the claim of 'parroting' is not germane here, because TU's public records vendor went to the source and reviewed the court file." TU's Mem. Law Supp. Mot. Recons.. The law is not clear as to whether a complaint of parroting is applicable to the situation of a credit reporting agency repeating the statements of its vendor. <u>Cushman</u> held that "[t]he 'grave responsibilit[y]' imposed by § 1681i(a) must consist of something more than merely

FCRA evinces Congress's intent that consumer reporting agencies, having the opportunity to reap profits through the collection and dissemination of credit information, bear 'grave responsibilities,' 15 U.S.C. § 1681(a)(4), to ensure the accuracy of that information." Cushman v. Trans Union, 115 F.3d 220, 225 (3d Cir. 1997). The facts in this case could lead a reasonable jury to find that TU failed in its "grave responsibility" to Lawrence by keeping both Superior and Lawrence in the dark about the details of the dispute in this case. The punitive damages and state common law claims therefore survive summary judgment.

---

parroting information received from other sources," Cushman,115 F.3d at 225, but the term "other sources" has not yet been used to include contracted vendors of the credit reporting agency. However, I need not decide this issue because TU's argument mistakenly assumes that parroting is the only way TU's actions can be found to show "reckless disregard of whether [the] policy contravened [plaintiff's rights under the FCRA]" as required by the standard for punitive damages. Id. at 227.

**ORDER**

      **AND NOW**, this _____ day of February 2004, defendant's motion for reconsideration (Docket #42) is **DENIED**. The parties' joint motion for extension of time (Docket #46) is **GRANTED**. Trial date is set for March 15, 2004 at 9:30 a.m.. The parties' modified pretrial memoranda, proposed points for charge, proposed jury verdict form, and proposed voir dire as well as all pre-trial motions are due March 5, 2004. All trial exhibits, which are to be pre-marked, must be exchanged by March 10, 2004. The final pre-trial conference will be held March 10, 2004 at 4:00 p.m..    .

 

                                                                                   _____

                                                                                  ANITA B. BRODY, J.

 

Copies **FAXED** on _____ to:                            Copies **MAILED** on _____ to:

O:\TRICIA\Civil\Lawrence\Lawrence reconsider final.wpd